**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Mesa et al.,<br><br>    Defendants. | CV 09-642-PHX-NVW<br><br>**ORDER** |

Pending before the Court is Defendant City of Mesa's Motion to Dismiss (doc. #18), which the Court now grants.

**I. Standard of Review**

To avoid dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), a plaintiff must "provide the grounds of [his] entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is not sufficient. *Id*. The pleading must not merely allege conduct that is conceivable, but a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556-57.

In considering a motion to dismiss, "all factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiff[]." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation and internal quotation marks omitted). A document filed pro se is construed liberally, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Analysis**

The Court has already described the incidents that gave rise to Plaintiff's claims in its October 5, 2009 Order (doc. #14), and it will not repeat Plaintiff's factual allegations here. In that Order, the Court dismissed Plaintiff's Amended Complaint (doc. #7) for failure to state a claim against the City of Mesa. If a pleading can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-31 (9th Cir. 2000) (en banc). The Court has already given Plaintiff an opportunity to amend his complaint to supply additional facts that would support his municipal liability claims. However, the facts alleged in Plaintiff's Second Amended Complaint (doc. #17) are virtually identical to the facts alleged in Plaintiff's Amended Complaint. The Court has already determined that those facts are insufficient to state a municipal liability claim against the City of Mesa. As a result, the Court concludes that an amendment cannot cure the deficiencies in Plaintiff's complaint.

**IT IS THEREFORE ORDERED** that Defendant City of Mesa's Motion to Dismiss (doc. #18) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the City of Mesa are dismissed with prejudice.

DATED this 13th day of January, 2010.

_____
Neil V. Wake
United States District Judge