**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Victor O. Dema, ) | CV 09-642-PHX-NVW |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| City of Mesa et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff Victor O. Dema's Motion for Reconsideration (doc. #23). The Court previously granted the City of Mesa's Motion to Dismiss (doc. #22).

**I. Standard of Review**

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

**II. Analysis**

The Court has already described the incidents that gave rise to Dema's claims in its October 5, 2009 Order (doc. #14), and it will not repeat those allegations here. In that Order, the Court dismissed Dema's Amended Complaint (doc. #7) for failure to state a claim against the City of Mesa. If a pleading can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-31 (9th Cir. 2000) (en banc). The

Court gave Dema multiple opportunities to amend his complaint to supply additional facts that would support his claims against the City of Mesa. However, the facts alleged in Dema's Second Amended Complaint were virtually identical to the facts alleged in Dema's Amended Complaint. The Court had already determined that those facts were insufficient to state a municipal liability claim against the City of Mesa. As a result, the Court concluded that further amendment could not cure the deficiencies in Dema's complaint. The Court therefore dismissed Dema's claims against the City of Mesa with prejudice.

In his Motion for Reconsideration, Dema argues that the Court applied the wrong standard when considering the City of Mesa's Motion to Dismiss. He contends, essentially, that the Court should have applied a more lenient standard in deciding whether he stated a claim for relief. However, under recent Supreme Court precedent, to avoid dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), a plaintiff must "provide the grounds of [his] entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is not sufficient. *Id*. The pleading must not merely allege conduct that is conceivable, but a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 556-57. A document filed pro se is construed liberally, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Dema has not alleged enough facts to state a claim for which the City of Mesa could be found liable. Dema alleged two discrete encounters with police that he contends demonstrate that the City of Mesa has a practice of racial profiling and of using excessive

force. However, isolated incidents do not give rise to § 1983 liability. *See City of Canton v. Harris*, 489 U.S. 378, 380 (1989). Dema did not explain how the two isolated incidents he described give rise to an inference that the City of Mesa engaged in widespread, unconstitutional practices. The Court therefore did not commit "manifest error" in granting the City of Mesa's Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Plaintiff Victor O. Dema's Motion for Reconsideration (doc. #23) is Denied.

DATED this 22nd day of February, 2010.

_____
Neil V. Wake
United States District Judge